HURWITZ, Circuit Judge,
concurring in part and concurring in the result:
This case does not turn on whether the government must prove in a misprision prosecution under 18 U.S.C. § 4 that the defendant knew the underlying offense was a felony. As the majority correctly concludes, the evidence at trial sufficed for a misprision conviction even if the government bears that burden of proof.
The majority’s interpretation of the statute may be correct. But, I would leave such analysis for another day, in a case in which it matters to the outcome. See Whitehouse v. Ill. Cent. R. Co., 349 U.S. 366, 372-73, 75 S.Ct. 845, 99 L.Ed. 1155 (1955) (“These are perplexing questions. Their difficulty admonishes us to observe the wise limitations on our function and to confine ourselves to deciding only what is necessary to the disposition of the immediate case.”); PDK Labs. Inc. v. DEA, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment) (noting “the cardinal principle of judicial restraint” that “if it is not necessary to decide more, it is necessary not to decide more”).